**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: October 15 2009

Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Case No. 05-72510 |
| | ) | |
| Gayle Retzloff, | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |
| | ) | |

### ORDER

     This case came before the court for hearing on October 13, 2009, on Jeep Federal Credit Union's Motion to Compel Payment of Proof of Claim [Doc. #36]. The Chapter 13 Trustee, Debtor and Attorney for Debtor appeared in person. Attorney for JFCU appeared by telephone.

     The Chapter 13 Trustee reported Debtor's plan completed on August 5, 2009, [Doc. # 33] and the court entered Debtor's Chapter 13 discharge on August 12, 2009, [Doc. # 34]. JFCU states, however, that it filed timely a claim that was not docketed by the Clerk on the claims register and was therefore not paid through the confirmed plan, while it should have been. Debtor asserts that, regardless of whether a claim was filed and a mistake was made by the Clerk in recording that claim, that claim is now encompassed within Debtor's discharge. Moreover, Debtor is now unemployed and sought and obtained a payoff figure for her plan from the Trustee and then paid it off through other resources that she does not now have.

The court makes no findings as a matter of fact as to whether a claim was timely filed by JFCU and a mistake then made by the Clerk in docketing that claim in the claims register. While evidence would be required to prove and determine such facts, the court finds that it is not necessary to take such evidence in the procedural posture of the matter before the court. The court agrees with Debtor that regardless of the filing of the claim, it is now discharged and the court therefore cannot compel any payment of same in the absence of vacation or revocation of that discharge, the propriety of which the court also makes no findings concerning because the present pending motion does not seek such relief and the court cannot render an advisory opinion.

Based on the foregoing, and as otherwise stated by the court on the record at the hearing,

**IT IS THEREFORE ORDERED** that Jeep Federal Credit Union's Motion to Compel Payment of Proof of Claim [Doc. #36] is **DENIED**, without prejudice.